**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN ERIC HUGHES, | |
| Petitioner, | Civil No. 09-4346 (NLH) |
| v. | |
| WARDEN JEFF GRONDOLSKY, | **OPINION** |
| Respondent. | |

**APPEARANCES**:

   JOHN ERIC HUGHES, Plaintiff pro se
   #35896-083
   F.C.I. Fort Dix
   P.O. Box 2000 (Camp)
   Fort Dix, New Jersey 08640

**HILLMAN, District Judge**

   Plaintiff, John Eric Hughes ("Hughes"), a federal prisoner confined at the Federal Correctional Camp in Fort Dix, New Jersey, brings this application seeking to correct his sentence pursuant to 18 U.S.C. § 3582(c)(2), as well as challenging the validity of his judgment of conviction. Hughes names Warden Jeff Grondolsky as the respondent in this action.

   This Court has reviewed the petition filed by Hughes, and for the reasons set forth below, will dismiss the petition for lack of jurisdiction, as it is a prohibited second or successive motion under 28 U.S.C. § 2255.

I.  BACKGROUND

The following facts are taken from the petition, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations. The Court also refers to, and takes judicial notice of the criminal docket for Hughes's underlying conviction, as well as the docket reports for Hughes's motions filed under 28 U.S.C. § 2255.

On or about September 11, 2000, Hughes was convicted in the United State District Court for the Eastern District of Virginia, for one count in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). He was sentenced to 235 months in prison. (Petition, ¶¶ 3, 4).

Thereafter, Hughes filed several appeals and petitions challenging his conviction and sentence, without much success. First, on or about September 15, 2000, Hughes filed a direct appeal from his conviction and sentence before the United States Court of Appeals for the Fourth Circuit. Hughes claimed that (1) 21 U.S.C. § 841 was unconstitutional; (2) the type and quantity of drugs are elements to be charged in an indictment and proved to a jury; (3) the trial court erred in disallowing evidence of the different penalties for cocaine base and powder; and (4) petitioner should be allowed to challenge the authenticity of a tape recording and it was ineffective assistance of trial counsel for not doing so. The Fourth Circuit affirmed the conviction and

sentence on or about August 9, 2001.  (Pet., ¶ 9(a)).  The Supreme Court of the United States denied certiorari on or about February 26, 2002.

On or about February 25, 2003, Hughes submitted a motion to vacate his sentence under 28 U.S.C. § 2255.  This § 2255 motion was filed on April 1, 2003, before the trial court in the United States District Court for the Eastern District of Virginia.[1]  The trial court denied § 2255 relief by a Memorandum Opinion and final Order entered on May 16, 2003.  (Pet., ¶ 12(a)).  On May 30, 2003, Hughes filed a motion for reconsideration, which was denied by Memorandum Opinion and Order filed on August 11, 2003.  Hughes appealed from the district court's rulings, and on May 4, 2004, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.  See Hughes v. United States, No. 03-7626, 96 Fed. Appx. 148, 2004 WL 962752 *1 (4th Cir. May 4, 2004).

Thereafter, on or about March 8, 2005, Hughes filed a motion under Rule 60(b), to "Correct a Constitutional and Jurisdictional defect and fraud upon the Court."  On April 18, 2005, this motion was converted to a § 2255 motion and dismissed for lack of

---

[1] Hughes alleged that (1) the Government failed to prove the charges against him, (2) the type and quantity of drugs are elements to be charged in an indictment and proven to the jury, (3) petitioner should have been allowed to challenge the authenticity of a tape recording, and (4) petitioner was denied effective assistance of counsel.  (Pet., ¶ 12(a)).

3

subject matter jurisdiction because Hughes did not first seek approval from the Fourth Circuit to file a second or successive § 2255 motion. Hughes appealed from this ruling, and on October 7, 2005, the Fourth Circuit again denied to issue a certificate of appealability and dismissed the appeal. The Fourth Circuit also denied Hughes' motions for appointment of counsel and for an evidentiary hearing. See United States v. Hughes, (No. CR-00-4; CA 05-278-3), 144 Fed. Appx. 996, 2005 WL 2475752 (4th Cir. Oct. 7, 2005). The Fourth Circuit denied petitioner's application for a rehearing on or about January 31, 2006. The Supreme Court of the United States denied certiorari on May 17, 2006.

Hughes then filed a motion for "Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense," pursuant to 18 U.S.C. § 3582, on or about March 6, 2008.[2] The Honorable James R. Spencer, U.S.D.J., denied the motion on August 1, 2008. (Pet., ¶ 12(b)). Hughes moved for reconsideration of the court's Order, which was denied on October 16, 2008. He also filed an appeal. On March 5, 2009, the Fourth Circuit affirmed Judge

---

[2] On November 1, 2007, the United States Sentencing Guidelines ("U.S.S.G.") were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

Spencer's decision.  See United States v. Hughes, (No. 08-7611), 314 Fed. Appx. 626, 2009 WL 550304 (4th Cir. March 5, 2009).

On or about January 21, 2009, Hughes filed a motion to have the Probation Department correct an erred Pre-Sentence Investigation Report ("PSIR").  The trial court denied the motion on March 24, 2009.  Hughes moved for reconsideration twice.  The district court denied reconsideration both times, on August 31, 2009.

Hughes then filed this habeas petition under 28 U.S.C. § 2241, on August 25, 2009.  He raises the very same arguments asserted in his earlier applications for relief as set forth above.  Hughes contends that a § 2255 motion is inadequate or ineffective because the failure to apply 18 U.S.C. § 3582(c)(2) for reduction of his sentence is unconstitutional and the result of a failure to append a PSIR fact-finding to the PSIR.  He also argues that he is challenging the Bureau of Prison's ("BOP") "affirmative duty not to detain him past the constitutionally authorized prescribed statutory maximum sentence by verifying the validity of his judgment and commitment order."  Hughes further contends that there has been an intervening change in the law, namely, the "Crack Amendment 706," which amends U.S. Sentencing Guidelines § 2D1.1 to allow for a downward departure on crack cocaine offense to ameliorate the crack-powder disparity in sentencing.  This amendment was to apply retroactively.

## II. DISCUSSION

A. Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Hughes brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B. Jurisdiction

Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is

challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date). See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973) (where petitioner alleged a claim for credit for time served prior to federal sentencing).

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Congress amended § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.  (Emphasis added).

In this case, although Hughes filed his case as a petition for habeas relief pursuant to § 2241, it is clear he is challenging the validity of his sentence and is arguing that his sentence was in excess of the maximum authorized by law, which claims have their jurisdictional basis under § 2255.  As Hughes' sentencing court was the United States District Court for the Eastern District of Virginia, any § 2255 motion must be brought before that Court.[3]

Hughes attempts to sidestep the issue of jurisdiction by making several arguments for the appropriateness of proceeding under § 2241.  None of his arguments prevail.  First, he contends

---

[3] A motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which a movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence. See 28 U.S.C. § 2255(f).  Furthermore, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law.  See 28 U.S.C. § 2255(h).

that the BOP has an affirmative duty to verify that his sentence complies with federal law, and appears to insist that the BOP should make a motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c).[4]

---

[4] Specifically, Section 3582 states, in pertinent part, that a district court may not modify a sentence once it has been imposed except that-
   (1) in any case-

   (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-

   (i) extraordinary and compelling reasons warrant such a reduction; or

   (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

   (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

   (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

A district court has the authority to modify a valid sentence only if such authority is conferred by federal statute. See United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); Morales v. United States, 353 F. Supp.2d 204, 205 (D. Mass. 2005); accord United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007) (a district court's jurisdiction to reconsider sentencing may only stem from a statute or rule of criminal procedure).

As noted above, Section 3582(c) of Title 18 of the United States Code provides that "[t]he court may not modify a term of imprisonment once it has been imposed," except upon motion of the Director of the BOP, § 3582(c)(1). This Court presumes that this is the statutory basis for petitioner's claim that the BOP has an affirmative duty to verify that his sentence complies with the law, namely, that Hughes's sentence should be reduced because it allegedly exceeds the statutory maximum. However, it is well settled law that a district court can not grant a prisoner's request for modification of his sentence under § 3582(c)(1), unless the Director of the BOP files a motion seeking such reduction of sentence. See United States v. Thomas, 570 F. Supp.2d 202, 203 (D.P.R. 2007); United States v. Hudson, 44 Fed. App'x 457, 458 (10th Cir. 2002); United States v. Tyler, 417 F. Supp.2d 80 (D.Me. 2006); Morales v. United States, 353 F. Supp.2d 204 (D.Mass. 2005); Porges v. Zickefoose, 2008 U.S. Dist. LEXIS 81691, 2008 WL 4596640 (D.Conn. Oct. 15, 2008).

Here, there has been no motion on Hughes's behalf filed by the Director of the BOP. Rather, it was Hughes himself who sought to have his sentence reduced under § 3582(c)(2), unsuccessfully, before his sentencing court in the Eastern District of Virginia recently. Therefore, it follows that this Court has no authority to grant Hughes' request for a sentence reduction under § 3582(c)(1).

Furthermore, even if Hughes was successful in having the Director of the BOP move for a modification of his sentence pursuant to § 3582(c)(1), this Court would still be without jurisdiction to grant petitioner relief, since the jurisdiction to entertain such an application rests exclusively with the district court that imposed Hughes's sentence, i.e., with the United States District Court for the Eastern District of Virginia. See Braswell v. Gallegos, 82 Fed. App'x 633, 635 & n. 2 (10th Cir. 2003)(district in which federal inmate was imprisoned had no jurisdiction to modify sentence imposed by another district, and the application for modification of the sentence should have been filed in the district which imposed the sentence); Porges, 2008 U.S. Dist. LEXIS 81691, 2008 WL 4596640 at *2. Hence, even if the Court construes the Petition as a § 3582 application, it must be dismissed for lack of jurisdiction.

Next, Hughes seeks modification of his sentence through application of United States v. Booker, 543 U.S. 220 (2005)[5] and

---

[5] In his petition, Hughes essentially argues that Booker compels the BOP to file a § 3582(c)(2) motion. In Booker, the

11

Kimbrough v. United States, 552 U.S. 85 (2007). But the Third Circuit does not permit reliance on these cases in a § 3582(c)(2) motion. In United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002), the Third Circuit decided that a motion under § 3582(c) is limited to consideration of the effect of the retroactive amendment on the defendant's sentence. The Third Circuit has also rejected an attempt to use § 3582(c)(2) to make a claim directly under United States v. Booker, 543 U.S. 220 (2005), without tying it to a retroactive amendment. See United States v. Sanchez, 140 Fed. Appx. 409, 410 (3d Cir. 2005)(per curiam)(nonprecedential).

Likewise, construing this action as a § 2255 motion, Hughes also cannot rely on Booker and Kimbrough because these cases do not apply retroactively on collateral review. See Lloyd v. United States, 407 F.3d 608, 610 (3d Cir. 2005)(Booker does not apply retroactively to cases on collateral review); United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003)(Apprendi v. New Jersey, 530 U.S. 466 (2000) does not apply retroactively to cases on collateral review)[6]; United States v. Davis, No. 04-199, 2008

---

Supreme Court held that sentencing guidelines were advisory only and not mandatory. Hughes relies on Kimbrough, observing that the Supreme Court recognized the Sentencing Commission's report concerning "the crack/powder disparity [which] produces disproportionately harsh sanctions, i.e., sentences for crack cocaine offenses 'greater than necessary' in light of the purposes of sentencing set forth in [18 U.S.C.] § 3553(a)." 552 U.S. at 110.

[6] Hughes also makes the argument that a jury must find all the elements of an offense and that drug quantity is an element that was determined by the court in sentencing and was not

12

WL 1914352, at *3 (D.Neb. April 28, 2008)(Kimbrough does not apply retroactively).

In addition, Hughes argues that he is "actually innocent" and that his sentence is manifestly unjust in violation of the Eighth Amendment, apparently in an effort to show that relief under § 2255 now is "inadequate or ineffective" so that he can proceed under § 2241.  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).[7]  However, Hughes asserts no facts to support these bald claims.  Rather, he relies on Booker and Kimbrough, and the "intervening change of law" concerning the "Crack" Amendment 706 to the Sentencing Guidelines (discussed infra, at pp. 14-15).

---

decided by the jury at trial.  He claims it was a manifest injustice to deprive him of his right to a jury trial.

[7]  Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [petitioner's] detention."  28 U.S.C. § 2255(e). In Dorsainvil, the Court of Appeals for the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  See id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  See id. at 251-52; see also Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002)(resort to § 2241 proper "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim").

13

Hughes further contends that his sentence was enhanced based on an error in his PSIR regarding an obstruction of justice charge that was dismissed by the trial court. However, pursuant to the PSIR presented at his sentencing, Hughes admits that the trial judge expressly removed any enhancements for firearms and obstruction of justice with respect to petitioner's sentence, and only enhanced the drug quantity to 1.5 kilograms.[8]

Finally, Hughes seems to suggest that he can proceed under § 2241 by arguing that he is eligible to receive a sentence reduction under Amendment 706 to the Sentencing Guidelines, which is an intervening change in the law having retroactive effect. Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which modified the Guidelines ranges applicable to crack cocaine offenses. See U.S.S.G. Supp. to App'x C, Amend. 706 (Nov. 1, 2007); United States v. Wise, 515 F.3d 207, 221 (3d Cir. 2008). In general, the effect of Amendment 706 is to decrease by two levels the base offense level for crack cocaine offenses. See U.S.S.G. Supp. to App'x C, Amend. 706; U.S.S.G. § 2D1.1 (Nov. 1, 2007). Under U.S.S.G. § 1B1.10, titled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," a reduction in sentence under § 3582(c)(2) is not authorized unless an amendment

---

[8] This claim concerning the trial court's enhancement based on a finding of 1.5 kilograms is based on petitioner's right to have a jury determine facts concerning the elements of an offense. This Apprendi claim was raised by Hughes on direct appeal and in his subsequent § 2255 motions, and the claim was denied.

reducing the applicable guidelines range is listed in § 1B.10(c). See U.S.S.G. § 1B1.10(c)(Nov. 1, 2007).  On March 3, 2008, Amendment 706 took effect, and is now listed in § 1B.10(c).  See 73 Fed. Reg. 217-01 (Jan. 2, 2008).  The Sentencing Commission has also given Amendment 706 retroactive effect.  See id.

However, an application for a reduction of sentence under Amendment 706 must be made before the sentencing court, in this instance, the Eastern District of Virginia.  Moreover, Hughes already filed an application for reduction of sentence under Amendment 706 in the Eastern District of Virginia, where he was convicted and sentenced, which application was denied by the sentencing court.  The Fourth Circuit thereafter affirmed the sentencing court's decision in United States v. Hughes, (No. 08-7611), 314 Fed. Appx. 626, 2009 WL 550304 (4th Cir. March 5, 2009).

Indeed, Hughes has presented all of the arguments raised in this habeas petition on direct appeal, in his several motions under § 2255 motions, as well as his other applications for post-conviction relief, such as his § 3582(c)(2) motion, without success.  Consequently, this petition is nothing more than another attempt by Hughes to relitigate matters already decided by the sentencing court and the United States Court of Appeals for the Fourth Circuit.  In other words, Hughes is simply seeking to challenge his sentence yet again, which he had the opportunity to do during his direct appeal and previous § 2255 motions as discussed above.

15

Therefore, this Court finds that this petition must be construed as a second or successive § 2255 motion, which the Court of Appeals for the Fourth Circuit has not certified Petitioner to file, and over which this Court lacks jurisdiction.[9]  See 28 U.S.C. § 2255.

C. Transfer

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Because Hughes does not assert any ground for relief justifying authorization to file a second or successive § 2255 petition, and because Hughes has filed two § 2255 cases, which have been reviewed by the Fourth Circuit, it does not appear that transfer would be in the interest of justice.  Indeed, this is Hughes's second attempt for a reduction of sentence under

---

[9] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Hughes has already filed several § 2255 motions which were addressed by the sentencing court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

16

Amendment 706, the first having been denied by the sentencing court in the Eastern District of Virginia, and affirmed on appeal to the Fourth Circuit in March 2009. Accordingly, Hughes's § 2241 habeas petition will be dismissed with prejudice for lack of jurisdiction. Hughes may file for certification in the Court of Appeals for the Fourth Circuit for permission to file another § 2255 motion in the Eastern District of Virginia, if he so chooses.

### III. CONCLUSION

For the reasons set forth above, this action for habeas relief under § 2241 will be dismissed with prejudice for lack of jurisdiction, because it is a second or successive motion under § 2255 challenging petitioner's federal sentence. An appropriate order follows.

    /s/ NOEL L. HILLMAN
NOEL L. HILLMAN
United States District Judge

Dated: March 9, 2010

At Camden, New Jersey