**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN ERIC HUGHES, | : | Civil No.: 09-4346 (NLH) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| JEFF GRONDOLSKY, WARDEN, | : | |
| Respondent. | : | |

**APPEARANCES:**

   JOHN ERIC HUGHES, Petitioner Pro Se
   #35896-083
   FCI Fort Dix
   P.O. Box 2000 (CAMP)
   Fort Dix, New Jersey  08640

**HILLMAN**, District Judge

   This matter comes before the Court upon the motion of pro se petitioner, John Eric Hughes ("Hughes") to alter or amend the judgment of this Court with respect to this Court's Opinion and Order entered on March 9, 2010, dismissing Hughes' petition for a writ of habeas corpus under 28 U.S.C. § 2241, for lack of jurisdiction because it is a second or successive motion under 28 U.S.C. § 2255 challenging petitioner's sentence.  (Docket entry nos. 4 and 5).  Hughes submitted this application March 30, 2010.  (Docket Entry No. 6).

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion will be denied.

### I. BACKGROUND

In his initial habeas petition before this Court, filed on or about August 25, 2009, Hughes challenged the Bureau of Prison's ("BOP") "affirmative duty not to detain him past the constitutionally authorized prescribed statutory maximum sentence by verifying the validity of his judgment and commitment order." Hughes argued that there has been an intervening change in the law, namely, the "Crack Amendment 706," which amends U.S. Sentencing Guidelines ("U.S.S.G.") § 2D1.1 to allow for a downward departure on crack cocaine offense to ameliorate the crack-powder disparity in sentencing, and purportedly was to apply retroactively.[1]

Hughes raised the very same or similar arguments in his earlier applications for relief before various courts.  He first filed a direct appeal from his conviction and sentence before the United States Court of Appeals for the Fourth Circuit, claiming that (1) 21 U.S.C. § 841 was unconstitutional; (2) the type and quantity of drugs are elements to be charged in an indictment and

---

[1] Hughes was convicted in the United State District Court for the Eastern District of Virginia, for one count in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii), on or about September 11, 2000, and sentenced to 235 months in prison. (Petition, ¶¶ 3, 4).

proved to a jury; (3) the trial court erred in disallowing evidence of the different penalties for cocaine base and powder; and (4) petitioner should be allowed to challenge the authenticity of a tape recording and it was ineffective assistance of trial counsel for not doing so.  The Fourth Circuit affirmed the conviction and sentence on or about August 9, 2001.  (Pet., ¶ 9(a)).  The Supreme Court of the United States denied certiorari on or about February 26, 2002.  Hughes raised the very same arguments in his first motion to vacate his sentence under 28 U.S.C. § 2255, before the trial court in the United States District Court for the Eastern District of Virginia.

After Hughes' first § 2255 motion was denied on May 16, 2003, Hughes promptly filed a motion for reconsideration, which was denied on August 11, 2003.  Hughes appealed from the district court's rulings, and on May 4, 2004, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.  See Hughes v. United States, No. 03-7626, 96 Fed. Appx. 148, 2004 WL 962752 *1 (4th Cir. May 4, 2004).

Thereafter, on or about March 8, 2005, Hughes filed a motion under Rule 60(b), to "Correct a Constitutional and Jurisdictional defect and fraud upon the Court."  On April 18, 2005, this motion was converted to a § 2255 motion and dismissed for lack of subject matter jurisdiction because Hughes did not first seek approval from the Fourth Circuit to file a second or successive

3

§ 2255 motion.  Hughes appealed from this ruling, and on October 7, 2005, the Fourth Circuit again denied to issue a certificate of appealability and dismissed the appeal.  The Fourth Circuit also denied Hughes' motions for appointment of counsel and for an evidentiary hearing.  See United States v. Hughes, (No. CR-00-4; CA 05-278-3), 144 Fed. Appx. 996, 2005 WL 2475752 (4th Cir. Oct. 7, 2005).  The Fourth Circuit denied petitioner's application for a rehearing on or about January 31, 2006.  The Supreme Court of the United States denied certiorari on May 17, 2006.

Hughes then filed a motion for "Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense," pursuant to 18 U.S.C. § 3582, on or about March 6, 2008.[2]  The Honorable James R. Spencer, U.S.D.J., denied the motion on August 1, 2008.  (Pet., ¶ 12(b)).  Hughes moved for reconsideration of the court's Order, which was denied on October 16, 2008.  He also filed an appeal.  On March 5, 2009, the Fourth Circuit affirmed Judge Spencer's decision.  See United States v. Hughes, (No. 08-7611), 314 Fed. Appx. 626, 2009 WL 550304 (4th Cir. March 5, 2009).

---

[2] On November 1, 2007, the United States Sentencing Guidelines ("U.S.S.G.") were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack).  Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008.  This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

On or about January 21, 2009, Hughes filed a motion to have the Probation Department correct an erroneous Pre-Sentence Investigation Report ("PSIR"). The trial court denied the motion on March 24, 2009. Hughes moved for reconsideration twice. The district court denied reconsideration both times, on August 31, 2009.

Then Hughes filed this § 2241 habeas petition, which this Court dismissed with prejudice on March 9, 2010. This Court stated:

> Hughes has presented all of the arguments raised in this habeas petition on direct appeal, in his several motions under § 2255 motions, as well as his other applications for post-conviction relief, such as his § 3582(c)(2) motion, without success. Consequently, this petition is nothing more than another attempt by Hughes to relitigate matters already decided by the sentencing court and the United States Court of Appeals for the Fourth Circuit. In other words, Hughes is simply seeking to challenge his sentence yet again, which he had the opportunity to do during his direct appeal and previous § 2255 motions as discussed above.
>
> Therefore, this Court finds that this petition must be construed as a second or successive § 2255 motion, which the Court of Appeals for the Fourth Circuit has not certified Petitioner to file, and over which this Court lacks jurisdiction. ...
>
> . . .
>
> ... Indeed, this is Hughes' second attempt for a reduction of sentence under Amendment 706, the first having been denied by the sentencing court in the Eastern District of Virginia, and affirmed on appeal to the Fourth Circuit in March 2009.

(March 9, 2010 Opinion, Docket entry no. 4, at pp. 15-17).

Hughes now files yet another motion for reconsideration, this time labeled as a motion to amend or alter judgment, regarding this Court's dismissal of his § 2241 habeas petition. In his motion, Hughes argues that he is simply "petitioning this Court to direct the BOP to file a § 3582(c)(2) Amendment 706 reduction motion on his behalf because of the BOP's previous possession of a Presentence Report for the Petitioner that was unrevised for over '8 years' in violation F.R.Crim.P. 32(i)(3)(C)." Hughes argues that nothing precludes the filing of another § 3582(c)(2) motion "to correct an error of constitutional magnitude." Hughes also continues to argue that the "Tape Analysis Report has never been considered by the [federal sentencing] Virginia court," which allegedly bares on the issue of "actual innocence." (Pet. Motion, Docket entry no. 6 at pp.1-2).

## II.  ANALYSIS

Hughes' motion to alter judgment is yet another attempt by petitioner to have his case reconsidered. Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New

Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(I).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

7

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron

8

U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Hughes fails to provide any evidence to show that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration. Rather, Hughes merely restates his very same arguments addressed by this Court in its March 9, 2010 Opinion. Thus, it is evident that Hughes simply disagrees with this Court's ruling and is seeking yet another of many bites at the apple on this issue of a sentence reduction.

Consequently, Hughes fails to satisfy the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Therefore, Hughes' only recourse,

9

if he disagrees with this Court's decision, should be via the normal appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

Therefore, for the reasons expressed above, Hughes' motion for reconsideration or to alter judgment in this matter (Docket entry no. 6) will be denied for lack of merit. An appropriate Order follows.

```
                              ___/s/_____
                              NOEL L. HILLMAN
                              United States District Judge
```
At Camden, New Jersey
Dated: December 13, 2010

10